SCOREDISC SERVICE CORPORATION, PLAINTIFF, v.
MORRIS FELDMAN, DEFENDANT.

Decided February 6, 1932.

For the plaintiff, *Herbert M. Ellend.*

For the defendant, *George H. Rosenstein.*

SMITH, C. C. J.   On the original trial of this case the verdict was set aside as to damages only; a second trial resulted in a disagreement; the case is now submitted to me for trial without a jury upon the previous testimony taken in the two trials with added testimony taken before the court.

It is a suit to recover damages for breach of a service contract wherein the plaintiff agreed to render a service by furnishing photograph records which would tie in with moving pictures so that the proper musical accompaniments would be rendered at the proper time.

Under the contract the phonograph records and discs which the plaintiff agreed to furnish for the various pictures that the defendant would need them for were to remain the property of the plaintiff; so that what the plaintiff was to furnish the defendant was a service.

The right to recover is based upon an anticipatory breach of contract, the defendant refusing to accept the service. The rule of damages under those circumstances is that the injured party must be compensated for that which he directly lost by reason of the other party's act so far as such loss was or ought to have been in the contemplation of the parties. There

is no recovery here for anticipated profits. Losses directly incurred may be recovered, which would include expenses fairly incurred in preparation for performance.

The proof presented in the case is as to the three items of damage:

First—It is sought to recover the value of the phonograph records delivered. There is a factual dispute as to how many records were delivered; some witnesses say one hundred and fifty, some two hundred and fifty and some two hundred and forty, partly ten-inch records and partly twelve-inch records. There is not sufficient proof presented, it seems to me, to establish the fact that two hundred and forty phonograph records were delivered. Defendant concedes that one hundred and fifty records were delivered, and I am assuming that they are twelve-inch records. The contract provides that these records must be paid for if not returned. There is no evidence of their being returned; in fact, the defendant admits that he still has one hundred and fifty records. It is claimed on the defendant's part that these records were tendered to the plaintiff. This is denied, however, and I am not satisfied that the burden of proof has been established as to a tender. I therefore find that the defendant is responsible for one hundred and fifty records at $1.50 a record, making the sum of $225.

Second—There is a claim for an item of seven discs. These are specially prepared at a cost of $40 each. They are the guides so that the person operating the system may know when to put on the respective records. They are of no value now, and I find the plaintiff is entitled to recover the full amount claimed of $280.

Third—The plaintiff also seeks to recover the amount of $150 paid to a salesman as commission for procuring the contract which was breached. This is not within the contemplation of the parties as an item of damage; it is an item of doing business and not incurred in the performance of the contract, but only incurred in its procurement. This item I will disallow.

I will find in favor of the plaintiff in the sum of $505.